J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Robert J. Ward
Thomas C. Wright
Gardere Wynne Sewell, L.L.P.
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-3623

Attorneys for Plaintiff Heeling Sports Limited

Frank Frisenda, Jr.
*frankfrisenda@aol.com*
Frisenda, Quinton & Nicholson
11601 Wilshire Boulevard, Suite 500
Los Angeles, California 90025
Telephone: (702) 792-3910
Facsimile: (702)436-4176

Scott Warmuth
Scott Warmuth, A PC
2095 S. Atlantic Boulevard
Monterey Park, California 91754
Telephone: (323) 796-0228
Facsimile: (323) 796-0238

Attorneys for Defendants Master Telecom Inc., d/b/a Master Products, and John Chang

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Heeling Sports Limited,<br><br>               Plaintiff,<br><br>     v.<br><br>Master Products, et al.,<br><br>               Defendants. | Case No. **2:07-cv-02346-FMC-SHx**<br><br>PERMANENT INJUNCTION AND JUDGMENT |

The Court, having read and considered the Joint Stipulation re Entry of Judgment that has been executed by Plaintiff Heeling Sports Limited ("Plaintiff" or "Heeling") and Defendants Master Telecom Inc., d/b/a Master Products, and John Chang (collectively "Defendants") in this action, and good cause appearing, it is:

HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over Plaintiff and Defendants (collectively the "Parties") and over the subject matter hereof pursuant to 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendants.

2. Heeling owns or controls the pertinent rights in and to the following patents, and all of the claims thereof, are valid and enforceable: United States Patent No. 6,406,038 ("the '038 Patent"), United States Patent No. 6,739,602 ("the '602 Patent"), and United States Patent No. 6,746,026 ("the '026 Patent") (collectively "the Patents").

3. Defendants and their agents imported, used, and sold wheeled footwear that were the same as or similar to those shown in Exhibit A (hereinafter "Knockoff Skates") to this Permanent Injunction and Judgment, and such acts directly infringed one or more claims of each of the '038 Patent, the '602 Patent, and the '026 Patent. The Knockoff Skates are wheeled footwear having one or more wheels in an opening in the bottom of the heel that allow a user to walk or run on the forefoot and transition to rolling on the wheel or wheels in the heel.

4. The Parties have resolved this action by entering into a Settlement Agreement between them (hereinafter "Settlement Agreement"), and have agreed that this Court shall retain exclusive jurisdiction over the Parties as to any disputes or further actions regarding or relating to the Settlement Agreement, and to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Permanent Injunction

and Judgment. Both Parties acknowledge, agree and willingly submit that they are subject to personal jurisdiction of this Court to handle all such disputes.

5. Plaintiff has established a reasonable royalty under 35 U.S.C. § 284 of Fifteen Dollars ($15.00) per pair of Knockoff Skates.

6. Defendants, their agents, employees, successors, heirs, and assigns, and all other persons and entities in active concert or participation with them who receive actual notice hereof by personal service or otherwise are enjoined and restrained from infringing, either directly or indirectly, or inducing infringement of or contributorily infringing any of the claims of the '038 Patent, the '602 Patent, and the '026 Patent, and from making, having made, importing, using, selling or offering to sell Knockoff Skates during the life of such patents, including any wheeled footwear or skate having at least one wheel in the heel that is to be or is used by walking or running on the forefoot portion of the sole and then transitioning to rolling on the wheel or wheels in the heel.

7. Except for the third parties expressly released by Heeling in the Settlement Agreement, nothing herein shall be construed as a release as to any third party, including, for example, the party(s) that manufactured the Knockoff Skates, the party(s) that supplied the Knockoff Skates to Defendants, the party(s) that purchased the Knockoff Skates from Defendants, or others that may have participated in the infringement by Defendants through acts constituting inducement of patent infringement of any of the '038 Patent, the '602 Patent, or the '026 Patent.

8. Each side shall bear its own fees and costs of suit.

9. Except as provided herein, all claims alleged in the action are dismissed with prejudice.

10. This Permanent Injunction and Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

11. The Court finds there is no just reason for delay in entering this Permanent Injunction and Judgment and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction and Judgment against Defendants.

12. In the event that Defendants breach certain terms of the Settlement Agreement, the above-captioned action shall, upon request of the Plaintiff, be reopened for the filing by Plaintiff of the Joint Stipulation re Entry of [Proposed] Supplemental Judgment and [Proposed] Supplemental Judgment.

IT IS SO ORDERED.

DATED:   8-25-08

_____
Hon. Florence-Marie Cooper
Judge, United States District Court
for the Central District of California